IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **TYRES FRAI'AUNT AUTREY,** | * |
| **Plaintiff,** | * |
| vs | * Civil No. 07-0895-CG-B |
| **MORNING STAR BAPTIST CHURCH, et al,** | * |
| **Defendants.** | * |

**ORDER**

This matter comes before the court on the Statement of Objection to Report and Recommendation filed by the plaintiff, Tyres Frai'Aunt Autrey ("plaintiff" or "Autrey"). (Doc. 37). Autrey, who is not a lawyer and is representing himself, objects to the magistrate judge's report and recommendation, which recommended that the court should grant the defendants' motion for summary judgment and dismiss Autrey's case. (Doc. 36). This court reviews <u>de novo</u> the portions of the magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Autrey's objection is without merit. For the reasons set forth below, the court **ADOPTS** the magistrate judge's report and recommendation.

**I.     PROCEDURAL BACKGROUND**

Autrey initiated this lawsuit on December 28, 2007, by filing a complaint against Morning Star Baptist Church, Robert Malone, Charles McMillan, and John Tucker. (Doc. 1). The body of the initial complaint is contained on page two, which includes two paragraphs. In the first paragraph, Autrey alleges that the defendants "are negligent for their ineffective record system of the dead buried at Morning Star Cemetery." (Doc. 1, p. 2). In addition to describing

certain damages, Autrey also alleges breach of an oral contract in the first paragraph.  (Doc. 1, p. 2).  The second paragraph alleges that the ineffective record system "was not applicable to the Plaintiff as communicated by the Defendants - which caused the breach of contract."  (Doc. 1, p. 2).  Autrey also complains that his mother's remains could not be exhumed "as planned on January 17, 2007," despite the fact that her grave was located on January 10, 2007.  (Doc. 1, p. 2).  Autrey amended his complaint on January 18, 2008.  (Doc. 3).  The amended complaint makes similar allegations about the nature of the record-keeping system at the Morning Star Cemetery.  It also alleges that the breach of contract was "solidified" when Autrey's mother's remains were not exhumed on January 17, 2007.  (Doc. 3, p. 2, ¶ 4).

      The defendants filed a Motion to Dismiss, for Judgment on the Pleadings and/or to Strike on February 20, 2008.  Among other things, they argued that Autrey's claims are barred by the statutes of limitations.  (Doc. 9, p. 1, ¶ 2).  Autrey responded to the defendants' motion on February 26, 2008.  (Doc. 12).  In response to the argument that he filed his lawsuit after the statute of limitations expired, Autrey asserted that the contract on which he relies became binding on January 3, 2007, because that is the date on which "it was proven" that his mother's grave was inaccurately marked.  (Doc. 12, p. 2, ¶ 2).  Autrey also explained that he called the church responsible for maintaining the cemetery on January 1 and 3, 2007, at which time the church told him that it lacked the records - presumably the records identifying the grave where his mother was buried - that Autrey sought.  (Doc. 12, p. 2, ¶ 2).  Autrey filed this lawsuit less than one year after the January 1 and 3, 2007 dates he cites in his response.

      The magistrate judge held an evidentiary hearing and converted the defendants' motion into a motion for summary judgment.  (Docs. 17, 19, and 21).  Autrey objected to the magistrate

judge's decision to convert the motion to a motion for summary judgment. (Doc. 22). This court upheld the decision to convert the motion to a motion for summary judgment. (Doc. 27).

The magistrate judge heard oral testimony (Doc. 21, p. 1) and accepted written exhibits (Doc. 20) during the evidentiary hearing. In her July 25, 2008 order converting the motion to one for summary judgment, the magistrate judge instructed the parties to file any additional documents by August 8, 2008. (Doc. 21, p. 2). This court subsequently extended the deadline for additional filings pertaining to the motion for summary judgment to September 11, 2008. (Doc. 27). Both parties moved to supplement the record for summary judgment. (Docs. 23 and 24). Autrey objected to, and moved to strike, the defendants' motion to supplement the record on summary judgment. (Doc. 26). The magistrate judge denied Autrey's motions and granted the defendants' motion for reasons not pertinent to this order. (Docs. 31, 32, and 34). Autrey also filed a motion for sanctions, which was denied. (Docs. 25 and 33).

Autrey filed a response to the motion for summary judgment on September 11, 2008. (Doc. 28). The defendants filed a written reply in support of their motion for summary judgment on October 8, 2008. (Doc. 29). Autrey moved to strike the reply. (Doc. 30). His motion to strike was granted. (Doc. 35). The magistrate judge then issued her report and recommendation (Doc. 36), to which Autrey objected. (Doc. 37).

**II.    ANALYSIS**

In her report and recommendation, the magistrate judge explains that Autrey appears to bring breach of contract and negligence causes of action based on the defendants' failure to maintain proper records to identify the burial locations of individuals in the cemetery. (Doc. 36, pp. 7-8). The report and recommendation explains that Autrey knew about the nature of the

defendants' records by May of 2000 or 2001.  (Doc. 36, p. 2).  Consequently, under either the six-year statute of limitations for a breach of contract, ALA. CODE § 6-2-34(4) (1975), or the two-year statute of limitations for a negligence claim, ALA. CODE § 6-2-38(l) (1975), the defendants are due summary judgment because Autrey filed his lawsuit in December 2007, after the applicable statutes of limitations expired.  (Doc. 36, pp. 8-11).

Autrey's objection does not take issue with the magistrate judge's finding that Autrey knew about the nature of the defendants' records by May of 2000 or 2001.  (Doc. 37).  Rather, he argues that his breach of contract action is premised on an oral contract with one of the defendants that he entered into on January 3, 2007.  He writes, "[t]he breach of oral contract relates to January 03, 2007[,] when John Tucker communicated that once the Plaintiff['s] mother['s] remains were found[,] the Plaintiff could have his mother [exhumed]."  (Doc. 37, p. 6).  Autrey also appears to argue that his lawsuit includes a claim for violation of ALA. CODE § 27-17A-48 (1975).

At the outset, the court **ADOPTS** the report and recommendation to the extent that it recommends granting summary judgment on any breach of contract or negligence claims premised on the defendants' record-keeping system.  Autrey does not dispute that he knew about the record keeping system more than six years before he filed his lawsuit.  Autrey argues that these claims should survive the motion because he suffered various forms of damage, including "[p]ublic [e]mbarrassment, preventing pre-plans from being executed regarding the graveside pertaining to the interment to take place in Mississippi, mental anguish and pain and suffering."  (Doc. 37, p. 10, ¶ 8).  The fact that Autrey may have suffered damage more recently than May 2000 or 2001 does not undercut the magistrate judge's holding that these claims are barred by

4

the statutes of limitations.  The breach of contract action arose when the breach occurred.  <u>AC, Inc. v. Baker</u>, 622 So. 2d 331, 333, 335 (Ala. 1993).  Similarly, the negligence action accrued well before Autrey suffered all of the damages he describes in his objection.  "It is well settled under Alabama law that a negligence cause of action accrues when the plaintiff can first maintain the action, regardless of whether the full amount of damage is apparent at the time of the first injury."  <u>Piazza v. Ebsco Indus.</u>, 273 F.3d 1341, 1347 (11th Cir. 2001) (citing <u>Booker v. United Am. Ins. Co.</u>, 700 So. 2d 1333, 1339 (Ala. 1997)).

To the extent that Autrey argues that the magistrate judge misapprehended his causes of action, his objection still lacks merit.  In support of his breach of contract claim, Autrey asserts that, in 2007, John Tucker told Autrey that Autrey could have his mother exhumed once her grave was found.  Even giving Autrey the benefit of all factual inferences, he still has not come forward with facts tending to show a breach of contract.  There is nothing in the record tending to show that John Tucker's statement formed a contract between the parties.

> The requisite elements of [a contract] include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.
>
>> A test of good consideration for a contract is whether the promisee at the instance of the promisor has done, forborne or undertaken to do anything real, or whether he has suffered any detriment, or whether in return for the promise he has done something he was not bound to do, or has promised to do some act or to abstain from doing something.
>
> [T]o constitute consideration for a promise, there must have been an act, a forbearance, a detriment, or a destruction of a legal right, or a return promise, bargained for and given in exchange for the promise.

<u>Ex parte Grant</u>, 711 So. 2d 464, 465 (Ala. 1997) (internal quotations and citations omitted, alteration in original).  There is no evidence in the written record or in the oral testimony before

the magistrate judge tending to show that Autrey gave legal consideration in exchange for John Tucker's statement that Autrey could exhume his mother's remains if they found the proper grave.  Consequently, there is no evidence before the court tending to show that an oral contract was formed in 2007.

Autrey's statutory cause of action also lacks merit.  The statute upon which Autrey relies provides that:

> **(a)** Each cemetery authority shall maintain at each place of business a list of the names and addresses of its owners and directors which shall be available to the public.
>
> **(b)** Each cemetery authority shall maintain a record of all property owners by name and last known address with a description of merchandise and location of burial lots, crypts, or niches.  A plat map shall be maintained for each cemetery location at the cemetery business office.  A book or file shall be kept as to the date, location by lot, and space number of each person interred or entombed in the cemetery.  A written copy of the cemetery rules and regulations shall be maintained at each location and made available to the public upon request.

ALA. CODE § 27-17A-48 (1975).  The magistrate judge was under the impression that Autrey relied on the foregoing statute in support of his negligence claim.  In his objection, Autrey appears to assert a statutory cause of action for violation of the statute.

The statute is part of a chapter of Title 27 of the Alabama Code.  Title 27 of the Alabama Code is entitled "Insurance."  Chapter 17A of Title 27 of the Alabama Code is called the Alabama Preneed Funeral and Cemetery Act (the "Act").  ALA. CODE § 27-17A-1 (1975).  The Act defines "cemetery authority" to mean "[a]ny person who owns or controls a cemetery or conducts cemetery business."  ALA. CODE § 27-17A-2(12) (1975).  A "person" is "[a]ny individual, firm, corporation, partnership, joint venture, limited liability company, association, trustee, government or governmental subdivision, agency, or other entity, or any combination

thereof." ALA. CODE § 27-17A-2(50) (1975).  On its face, then, the statute that Autrey cites would appear to apply to his case.  Taken in context, however, it is clear that Autrey does not have an enforceable statutory cause of action for three reasons.

First, the Act "does not apply to preneed contracts entered into prior to May 1, 2002," unless a preneed provider makes efforts to establish that it complies with certain requirements. ALA. CODE § 27-17A-13(b) (1975).  A preneed contract is a "written contract to purchase funeral merchandise, funeral services, cemetery merchandise, or cemetery services from the seller on a preneed basis."  ALA. CODE § 27-17A-2(56) (1975).  "Preneed," means "[a]ny time prior to death."  ALA. CODE § 27-17A-2(55) (1975).  To the extent that there was any preneed contract for Autrey's mother, the Act does not apply to it because the contract was entered into long before May 1, 2002.

Second, the section of the statute that Autrey cites is included in Article Four of the Act. Article Four of the Act provides the following: "To comply with the trust requirement of subsection (a) of Section 27-17A-13, all certificate holders providing preneed contracts for cemetery services or cemetery merchandise shall be subject to this article."  ALA. CODE § 27-17A-40 (1975).[1]  A "certificate holder" is a "funeral establishment, cemetery authority, third-

---

[1] ALA. CODE § 27-17A-13 (1975), provides:
**(a)** Except as provided in Sections 27-17A-3 and 27-17A-14, every preneed contract shall require the moneys paid to the seller or trustee to be placed in trust in accordance with Article 3, for funeral merchandise and services, or Article 4, for cemetery merchandise and services.
**(b)** Although this chapter does not apply to preneed contracts entered into prior to May 1, 2002, a preneed provider which contends that a preneed trust fund which was in effect prior to May 1, 2002, complies with this chapter with respect to the contracts entered into prior to May 1, 2002, may provide to the commissioner documentary proof thereof.  Upon the commissioner determining that compliance has been established, the pre-existing preneed trust fund assets may be merged

party seller, or any other person to whom a valid certificate of authority to sell preneed contracts has been granted by the commissioner." ALA. CODE § 27-17A-2(15) (1975). There is no evidence that the cemetery at issue has made efforts "[t]o comply with the trust requirements of subsection (a) of Section 27-17A-13," or that it is a "certificate holder," or that it provides preneed contracts. As a result, there is no evidence that the defendants are subject to the statutory requirements in Article Four of the Act, including the statutory requirement on which Autrey premises his claim. Autrey's statutory cause of action, therefore, fails.

Third, the Act itself does not contain a statute of limitations. See ALA. CODE § 27-17A-23 (1975). Consequently, the statute of limitations for the statutory claim is two years. ALA. CODE § 6-2-38(j) (1975). As set forth above, Autrey knew about the nature of the defendants' record-keeping more than two years before he filed this lawsuit. Consequently, even if Autrey had a statutory cause of action, it would be barred by the statute of limitations.

## III.   CONCLUSION

After a de novo review of the portions of the magistrate judge's report and recommendation to which Autrey objects, the court **ADOPTS** the report and recommendation. The motion for summary judgment is **GRANTED** in its entirety.

**DONE** and **ORDERED** this 9th day of June, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

with or into the trust fund required under this chapter or continued as the trust fund and that determination by the commissioner shall be noted on the certificate of authority, and thereafter all preneed contracts covered by the trust fund, including those entered into prior to May 1, 2002, shall be subject to the provisions of this chapter.