```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

TYRES FRAI' AUNT AUTREY,            )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )      CIVIL ACTION 07-00895-CG-B
                                    )
MORNING STAR BAPTIST CHURCH,        )
*et al.*,                           )
                                    )
    Defendants.                     )

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* on Appeal (Doc. 41) and Plaintiff's Notice of Appeal (Doc. 40). Based upon a careful review of Plaintiff's Motion and Notice, the undersigned recommends that Plaintiff's Motion be DENIED.

Rule 24(a)(3) of the Rules of Appellate Procedure provide, in pertinent part, that:

> A party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

FRAP 24(a)(3)(A). A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. See

Coppedge v. U.S., 369 U.S. 438 (1962); see also Williams v. Astrue, 2009 U.S. Dist. LEXIS 22382 (N.D. Fla. Mar. 9, 2009)("An appeal is taken in good faith if its presents 'legal points arguable on their merits (and therefore not frivolous).'").

Plaintiff filed this action regarding the location of his mother's burial site on December 28, 2007. (Doc. 1). Plaintiff requested and was granted permission to proceed *in forma pauperis*. (Docs. 2, 4). On March 11, 2009, the undersigned Magistrate Judge entered a Report and Recommendation (Doc. 36), which recommended the dismissal of Plaintiff's Complaint. Specifically, the undersigned determined that Plaintiff's breach of contract and negligence actions were barred by the applicable statute of limitations. Plaintiff filed Objections to the Report and Recommendation on March 16, 2009. (Doc. 37). The District Court thoroughly considered Plaintiff's Objections and overruled them in an Order dated June 9, 2009. (Doc. 38).

In his Motion and Notice of Appeal, Plaintiff has not set forth any grounds that form the basis of his appeal. Assuming *arguendo* that Plaintiff seeks to raise the same grounds contained in his Objections, the undersigned finds that Plaintiff's appeal is not taken in good faith because those issues have already been considered and rejected by the District Court. Because Plaintiff has not pointed to any issues that have arguable legal merit, the undersigned recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* on Appeal (Doc. 41) be DENIED.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **25th** day of **June, 2009.**

                                        **/s/ Sonja F. Bivins**
                                  **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.